Romero et al., Demandantes y Apelados, *v.* Romero et al.,
Demandados, y Solís, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan,
Primer Distrito, en pleito sobre nulidad de títulos y otros
extremos.

No. 2806.—Resuelto en julio 23, 1923.

Nulidad de Título—Partes Demandadas—Sentencia Académica.—Probado en apelación que la parte de propiedad reclamada a la apelante a quien antes pertenecía fué vendida por ella antes de entablarse la reclamación, e inscrita a nombre de los compradores que no han sido hechos partes demandadas, *se resolvió:* que por falta de las partes necesarias el pleito era académico y se mandó para ulteriores procedimientos.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. I. Hernández.*

Abogado de los apelados: *Sr. M. Moraza.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Contra la demandada, apelante, María Solís y otros se estableció una acción sobre nulidad de ciertos títulos. La corte inferior consideró el pleito como uno parcialmente en reivindicación, pero declaró que existían las nulidades solicitadas en la demanda, y María Solís apeló. Esta demandada en apelación llama la atención hacia el hecho de que la parte de la propiedad que antes pertenecía a ella ha sido vendida e inscrita a nombre de otras personas. La certificación del registrador así lo acredita. Esta certificación hace mención de una venta hecha a José Díaz Marcillas, y entonces a la venta hecha por él. La finca aparece, por tanto, inscrita a nombre de otra persona que no es parte en este pleito, y la ausencia de esta parte se asigna como error.

Si esta cuestión fué o no levantada en la corte inferior no lo sabemos, pero las circunstancias indican que María Solís se ha desprendido de todo título a la propiedad antes de la fecha de la demanda y que es otra persona quien la tiene. Dentro de las circunstancias, la sentencia de la corte inferior en contra de María Solís sólo podría tener un efecto

académico. La sentencia debe ser revocada en cuanto a ella, debiendo la corte exigir que los compradores o comprador sean hecho partes por virtud del artículo 74 del Código de Enjuiciamiento Civil.

La apelante alegó que ciertas cosas no fueron específicamente alegadas en su contestación que ella tenía derecho a levantar como cuestión de privilegio. Si desease ella hacer enmiendas, la corte inferior, al devolverse el caso, tiene completa y amplia discreción para permitir enmiendas y que se levanten todas las cuestiones, aunque, desde luego, las principales personas interesadas parecen ser los compradores.

Debe revocarse la sentencia en tanto a María Solís se refiere y el caso devuelto para otros procedimientos no incompatibles con esta opinión.

> *Revocada la sentencia apelada en cuanto a la apelante Solís, y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Aldrey y Franco Soto.

Los Jueces Sres. Presidente del Toro y Asociado Hutchison disintieron.